**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JUAN MIGUEL ANTUNEZ-ORTIZ, PETITIONER**
**A# 203-775-585**

**V. CIVIL NO. 5:26-cv-779-DCB-BWR**

**WARDEN, ET AL. RESPONDENTS**

**ORDER**

BEFORE THE COURT is pro se Petitioner Juan Miguel Antunez-Ortiz's "Emergency Motion to Expedite Consideration of Petition for Writ of Habeas Corpus and for Temporary Restraining Order." Mot. [2]. The Court has considered Petitioner's submission and the relevant legal authority. The motion is denied.

Petitioner is an immigration detainee housed at the Adams County Correctional Center ("ACCC") in Natchez, Mississippi. On August 28, 2026, he filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention. Petitioner simultaneously filed the instant motion to prevent his transfer to a different detention facility or his removal while this habeas case is pending. Petitioner also seeks an expedited schedule for the handling of this case. Petitioner claims his transfer to another detention facility or his removal from the United States before this Court rules on his habeas Petition would "frustrate the Court's ability to adjudicate the habeas petition" Mot. [2] at 3. Petitioner seeks "temporary protection while the Court determines the legality of his detention." *Id.*

To receive a preliminary injunction, Petitioner must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm without the injunction; (3) which harm outweighs any harm to respondent if granted; and (4) that the injunction will not

disserve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–19 n.15 (5th Cir. 2001). Petitioner fails to meet this standard.

First, the Court finds that Petitioner's transfer to a different detention facility will not divest this Court of jurisdiction or frustrate this Court's ability to adjudicate this Petition. In a § 2241 habeas action, jurisdiction rests in the district where petitioner is incarcerated when the case is filed. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). Since jurisdiction attaches at the time the petition is filed, jurisdiction is not destroyed by transferring a petitioner outside of the district afterwards. *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014); *Lee,* 244 F.3d at 375 n.5. When this Petition was filed, Petitioner was housed at the Adams County Correctional Center, located in the Southern District of Mississippi. Jurisdiction attached in this Court at that time, and no subsequent transfer will destroy that jurisdiction.

Second, Petitioner seeks a stay of his removal proceedings. "A motion for a stay of removal is a challenge to a removal order." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). This Court is without jurisdiction over a claim by an alien "connected directly and immediately" with the Attorney General's decision to commence or adjudicate removal proceedings. *Humphries v. Various Fed. USINS Emps*., 164 F.3d 936, 943 (5th Cir. 1999). A request to stay removal proceedings is connected directly and immediately to the Attorney General's decision to adjudicate removal proceedings. *Leger v. Young*, 464 F. App'x 352, 353 (5th Cir. Mar. 15, 2012). As such, a district court lacks the power to stay such proceedings. Furthermore, a petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals." *Zamarripa-Torres v. Bureau of Immigr. & Customs Enf't.*, 347 F. App'x 47, 48 (5th Cir. 2009).

Based on the foregoing, Petitioner fails to establish entitlement to preliminary injunctive

relief. Furthermore, this Petition is proceeding in an expeditious manner, *see* Order [3], therefore this portion of Petitioner's motion is denied as moot. In summary, Petitioner's motion for expedited review and for an order preventing his removal from the United States or transfer to a different detention facility is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pro se Petitioner Juan Miguel Antunez-Ortiz's "Emergency Motion to Expedite Consideration of Petition for Writ of Habeas Corpus and for Temporary Restraining Order" [2] is DENIED.

**SO ORDERED AND ADJUDGED**, this the 3 day of September, 2026.

/s/David C. Bramlette
UNITED STATES DISTRICT JUDGE